IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ROBERT GENE REGA, | ) | |
|---|---|---|
| Petitioner, | ) | No. 2:13-cv-1781 |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN E. WETZEL, et al., | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION

CONTI, Chief District Judge.

Pending before the court is a motion filed by the petitioner, Robert Gene Rega ("Rega"), to seal documents pursuant to Federal Rule of Civil Procedure 5.2(d) or, in the alternative, for a protective order pursuant to Federal Rule of Civil Procedure 5.2(e)(2). (ECF No. 25). For the reasons set forth below, the motion is denied.

### I.

In 2002, Rega was convicted in the Court of Common Pleas of Jefferson County of first-degree murder and sentenced to death (the "capital case"). In 2003, Rega was tried on unrelated sexual offense charges in the Court of Common Pleas of Jefferson County (the "rape case") and was convicted of numerous crimes, including rape, statutory sexual assault, indecent sexual assault, involuntary deviate sexual intercourse, indecent assault, and selling or furnishing liquor to minors.

In this federal habeas case, Rega challenges his convictions and death sentence in the capital case. He filed a motion for discovery (ECF No. 7) that the court denied in a Memorandum Opinion issued on August 18, 2014 (ECF No. 20). In that Memorandum Opinion,

1

the court discussed Rega's rape case because it was relevant to the disposition of his motion for discovery.

In the motion now before the court, Rega, who is housed on death row at the State Correctional Institution ("SCI") Greene, requests that the court place its August 18, 2014 Memorandum Opinion under seal pursuant to Federal Rule of Civil Procedure 5.2(d) or, in the alternative, that it be made subject to a protective order prohibiting nonparty remote electronic access pursuant Federal Rule of Civil Procedure 5.2(e)(2). He also requests that the court do the same to "[a]ny future pleadings or Orders in this case that indicate the nature of the charges in Mr. Rega's non-capital case." (ECF No. 25 at 4). Rega contends that he requires this relief because prisoners at SCI Greene have access to LexisNexis legal research services and can locate online decisions issued by this court. He asserts that if other prisoners at SCI Greene learn about his convictions in the rape case, it will make him a target of assault.

## II.

"On April 30, 2007, the Supreme Court complied with Section 205(c)(3) of the E-Government Act of 2002 by sending Federal Rule 5.2 to Congress. The legislation was enacted to establish a broad framework of measures that require using Internet-based information technology to enhance citizen access to Government information and services." 4B ARTHUR R. MILLER ET AL., FEDERAL PRACTICE AND PROCEDURE CIVIL § 1155 (4th ed. updated Jan. 2015) (internal quotation and citation omitted). "To protect the sensitive information that can appear in a wide range of documents filed in federal courts," id., Rule 5.2(a) requires that in any document that contains "an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number," only the

2

following information may appear in its place: "(1) the last four digits of the social-security number and taxpayer-identification number; (2) the year of the individual's birth; (3) the minor's initials; and (4) the last four digits of the financial-account number." Fed.R.Civ.P. 5.2(a). Rule 5.2(d) provides that "[t]he court may order that a filing be made under seal without redaction." Fed.R.Civ.P. 5.2(d). Rule 5.2(e)(2) provides that "[f]or good cause, the court may . . . limit or prohibit a nonparty's remote electronic access to a document filed with the court." Fed.R.Civ.P. 5.2(e)(2).

The Advisory Committee Notes for Rule 5.2 explains that "[t]he rule is derived from and implements the policy adopted by the Judicial Conference in September 2001 to address the privacy concerns resulting from public access to electronic case files. . . . *The Judicial Conference policy is that documents in case files generally should be made available electronically to the same extent they are available at the courthouse, provided that certain 'personal data identifiers' are not included in the public file*." (Emphasis added). It also states that Rule 5.2(d) "does not limit or expand judicially developed rules that govern sealing[,]" and that "[n]othing in" Rule 5.2(e) "is intended to affect the limitations on sealing that are otherwise applicable to the court." Therefore, in evaluating Rega's motion, the court looks to the common law rules regarding limiting public access to judicial records.

"Our judicial process is generally an open one that permits the public to attend trials and view judicial records. This openness 'promotes public confidence in the judicial system,' 'diminishes possibilities for injustice, incompetence, perjury, and fraud,' and 'provide[s] the public with a more complete understanding of the judicial system.'" United States v. Wecht, 484 F.3d 194, 206 (3d Cir. 2007) (quoting Littlejohn v. BIC Corp., 851 F.2d 673, 678 (3d Cir. 1988)). The "public's common law right to access to judicial proceedings and records is beyond

3

dispute[,]" Littlejohn, 851 F.2d at 677-78 (internal quotation and citation omitted), and the right of access includes the right "to inspect and copy public records and documents, including judicial records." Leucadia, Inc. v. Applied Extrusion Tech., Inc., 998 F.2d 157, 161 (3d Cir. 1993) (internal quotation and citation omitted). There is the presumption of public access to judicial records and Rega bears the burden of showing, *inter alia*, "that the material is the kind of information that courts will protect[.]" In re Cendant Corp., 260 F.3d 183, 194 (3d Cir. 2001) (internal quotation and citation omitted).

Rega did not meet his burden. The fact that he was convicted in state court of multiple sex offense crimes against minors in the rape case is a matter of public record. It is not the kind of information that a federal court will shield from public access under Rule 5.2 or the common law. For this reason alone, Rega's motion is denied.

Additionally, inmates may learn about Rega's convictions from other publicly available information. That information is available through multiple sources. Obviously, an inmate who was interested in finding out about Rega's convictions could ask an individual who is not incarcerated at SCI Greene to look up that information. Also, a published opinion of the Superior Court of Pennsylvania in one of Rega's state appeals is available on LexisNexis and it explains that "[o]n May 6, 2003, [Rega] was convicted of multiple counts of sex crimes . . . including rape and involuntary deviate sexual intercourse." Commonwealth v. Rega, 856 A.2d 1242, 1243-44 (Pa.Super.Ct. 2004). Because inmates at SCI Greene have access to LexisNexis, they could locate the superior court's opinion simply by searching Rega's name. Even more detailed information about Rega's rape case is available online at Pennsylvania's Unified Judicial System's website. A search of Rega's name on that site links to the 53-page docket sheet for Rega's rape case and a separate four-page document entitled "Court Summary." Both documents

list every crime for which Rega was convicted in his rape case. Rega does not contend that inmates at SCI Greene do not have access to Pennsylvania's Unified Judicial System's website.

Because Rega did not meet his burden of establishing that the court should place under seal, or prohibit nonparty remote electronic access to, documents filed in this case that reference his rape case, his motion is denied. An appropriate order will be entered.

Date: February 9, 2015                                    BY THE COURT,

                                                          */s/ Joy Flowers Conti*
                                                          Joy Flowers Conti
                                                          Chief United States District Court Judge