IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT GENE REGA, | ) | |
| Petitioner, | ) | No. 2:13-cv-1781 |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN E. WETZEL, et al., | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION

Joy Flowers Conti, Chief United States District Judge.

On February 15, 2018, the court issued its judgment in this capital habeas case filed by Robert Gene Rega ("Rega"). (ECF No. 93). The court denied Rega's guilt-phase claims and granted him sentencing-phase relief on his claim that his trial counsel were ineffective for failing to investigate his prior criminal records to support the argument that the jury should not find, or give little to no weight to, the aggravating factor at 42 Pa. Cons. Stat. § 9711(d)(9), and his related claim of direct appeal counsels' ineffectiveness. Pending before the court is the Commonwealth's[1] motion requesting that the court reconsider its decision to grant Rega sentencing-phase relief. (ECF No. 96). Also pending before the court is a motion for reconsideration filed *pro se* by Rega. (ECF No. 98). For the reasons that follow, the court denies the Commonwealth's motion and directs the Clerk of Court to strike Rega's *pro se* motion.

**I.**

The Commonwealth moves for reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b).[2] "Although motions for reconsideration under" these two Rules "serve similar

---

[1] The court shall refer to the respondents as the "Commonwealth."
[2] The Commonwealth also captioned its motion as seeking relief under Rule 52(b). Rule 52(a) requires courts to make findings of fact and state conclusions of law in all actions tried on the facts without a jury or with an advisory
*Footnote continued on next page*

1

functions, each has a particular purpose." United States v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003). "[A] timely Rule 59(e) motion suspends the finality of the judgment by tolling the time for appeal" in recognition of "the inherent power that [a district court] has to rectify its own mistakes prior to the entry of judgment for a brief period of time immediately after judgment is entered." Blystone v. Horn, 664 F.3d 397, 414 (3d Cir. 2011) (emphasis omitted). The standard for obtaining relief under Rule 59(e) is difficult for a party to meet. The United States Court of Appeals for the Third Circuit explained:

> The scope of a motion for reconsideration, we have held, is extremely limited. Such motions are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence. Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc., 602 F.3d 237, 251 (3d Cir. 2010). "Accordingly, a judgment may be altered or amended [only] if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued the challenged decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Id. (quotation marks omitted)… We have made clear that "'new evidence,' for reconsideration purposes, does not refer to evidence that a party...submits to the court after an adverse ruling. Rather, new evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available." Id. at 252. Evidence that is not newly discovered, as so defined, cannot provide the basis for a successful motion for reconsideration. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).

Id. at 415-16 (first bracketed text added by the court of appeals, emphasis omitted).

"[A] Rule 60(b) motion may not be used as a substitute for an appeal, and…legal error, without more does not warrant relief under that provision[.]" Fiorelli, 337 F.3d at 288 (internal quotation and citation omitted). As with Rule 59(e), the standard for obtaining relief under

---

jury, and Rules 52(b) allows a party to move in the district court for an amendment of its findings. "The purpose of Rule 52(b) is to allow a court to correct manifest errors of law or fact, or in limited circumstances, to present newly discovered evidence, but not to relitigate old issues, to advance new theories, or to secure a rehearing on the merits." Gutierrez v. Ashcroft, 289 F.Supp.2d 555, 561 (D. N.J. 2003) (internal quotation and citation omitted). Because in relevant part the standard for reconsideration under Rule 52(b) is substantially the same as that for Rule 59(e), see 9 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE-CIVIL § 52.60 (3d ed. 2018), the court will not discuss further Rule 52(b).

Rule 60(b) is difficult for a party to meet. It allows a party to seek relief from a final judgment under the following limited set of circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60. A movant seeking relief under Rule 60(b)(6) must "show extraordinary circumstances justifying the reopening of a final judgment." Gonzalez v. Crosby, 545 U.S. 524, 535 (2005) (internal quotations and citations omitted). "Such circumstances will rarely occur in the habeas context." Id.

## II.

In support of its motion for reconsideration, the Commonwealth submitted a letter, dated February 22, 2018, that Rega sent to its counsel. In it, Rega urged the Commonwealth to file an appeal of the court's decision granting him sentencing-phase relief. (ECF No. 96-1 at 1). Rega wrote: "I have no intent on being sentenced to life or participating in a re-sentencing hearing. It will be done without me there." (Id.) Rega also provided the Commonwealth's counsel with an affidavit, dated February 22, 2018, in which he averred that he had instructed his trial counsel not to investigate or present any challenge at his June 2002 capital sentencing hearing to the § 9711(d)(9) aggravating circumstance. (ECF No. 96-1 at 2-4).

3

The Commonwealth contends that Rega's February 22, 2018 letter and affidavit demonstrate that the court erred when it determined that sentencing-phase claims were properly before it for disposition. It did not cite which ground permitting reconsideration under either Rule 59(e) or 60(b) it is invoking. The court concludes that none apply.

Rega consistently challenged his capital sentence, in addition to his convictions, since he filed post-sentence motions with his trial court in 2005. (ECF No. 43, Post Sentence Mot. and Br.) Three of the ten grounds he presented in his direct appeal to the Supreme Court of Pennsylvania sought sentencing-phase relief in the event his convictions were not overturned. (ECF No. 10-23 at 58-124, Br. for Appellant). After that court affirmed his judgment of sentence in Commonwealth v. Rega, 933 A.2d 997 (Pa. 2007) ("Rega I"), Rega filed a *pro se* petition for collateral relief pursuant to Pennsylvania's Post-Conviction Relief Act ("PCRA") in which he informed the state court that he wanted the Federal Community Defender Office for the Eastern District of Philadelphia (the "Federal Community Defender Office") to represent him in that proceeding. (ECF No. 51 at 3-6, *pro se* PCRA petition). Attorneys with that office, including Rega's counsel in this case, have been representing him since May 2008. Counsel litigated numerous sentencing-phase claims before the PCRA court and in Rega's subsequent appeal to the Supreme Court of Pennsylvania. (ECF No. 94, PCRA Post Hr'g Br.; ECF No. 10-25 at 1-81, Br. of Appellant).

After the Supreme Court of Pennsylvania denied Rega's PCRA claims in 2013 in Commonwealth v. Rega, 70 A.3d 777 (Pa. 2013) ("Rega II"), Rega commenced this federal habeas case. He requested that this court continue the appointment of the Federal Community Defender Office (ECF No. 1-6 at 1), knowing full well that attorneys with that office had vigorously challenged his capital sentence in his PCRA proceeding. The court appointed the

Federal Community Defender Office in accordance 18 U.S.C. § 3599, the Criminal Justice Act ("CJA") Plan of the United States District Court for the Western District of Pennsylvania, and the Guide to Judiciary Policy's Guidelines for Administering the CJA and Relates Statutes, which instructs that "[i]n the interest of justice and judicial and fiscal economy, unless precluded by a conflict of interest, *presiding judicial officers are urged to continue the appointment of state post-conviction counsel, if qualified under Guide, Vol 7A, § 620.60, when the case enters the federal system*." 7 Guide to Judiciary Policy § 620.70(a) (emphasis added). Rega did not raise any objection when his counsel filed the petition for a writ of habeas corpus (ECF No. 6) and raised sentencing-phase claims, or when counsel argued the merits of those claims in the subsequently-filed memorandum of law (ECF No. 22) and reply (ECF No. 75).

With this background in mind, when Rega filed on December 13, 2017, a *pro se* motion for self-representation and removal of the Federal Community Defender Office ("the *pro se* motion for self-representation") and made allegations against his counsel that were refuted by the record (that he never accepted that office's appointment as his federal habeas counsel and that counsel was litigating sentencing-phase claims without his authorization), the court instructed counsel to meet and confer with him and then notify the court if Rega wished to proceed with it. (ECF No. 83). On February 1, 2018, Rega, through counsel, filed a motion to withdraw (ECF No. 87) the *pro se* motion for self-representation. Accompanying that motion was an affidavit signed by Rega that stated:

1. My name is Robert Rega. I am currently an inmate at SCI Green under a sentence of death.

2. On December 13, 2017, I filed a *pro se* motion in my capital case in [the] United States District Court asking that the Federal Community Defender be removed as my counsel. I also asked that I be permitted to represent myself in the habeas corpus proceedings pending before that Court.

5

3. I now wish to withdraw that motion seeking to remove the Federal Community Defender as my counsel and to proceed *pro se*.

4. Attorneys from the Federal Community Defender Office have represented me in my capital case for many years. *I want the Federal Community Defender Office to continue to represent me in the habeas corpus proceedings pending in the United States District Court. I do not wish to have the Federal Community Defender removed as my counsel and I do not wish to represent myself.*

5. I am making this statement of my own free will. I have not been threatened or coerced into signing this statement.

6. I hereby certify that the facts set forth above are true and correct to the best of my personal knowledge, information and belief, subject to the penalty of perjury pursuant to 28 U.S.C. § 1746 and 18 Pa.C.S. § 4904.

(ECF No. 87-2) (emphasis added). Rega made no qualification at that time that he did not wish to pursue the sentencing-phase claims raised in his petition.

The Commonwealth filed a response in opposition to Rega's motion to withdraw on February 2, 2018, which it served upon Rega's counsel and Rega himself via first-class mail. (ECF No. 88). Rega did not submit any further *pro se* filings at that time. On February 15, 2018, the court, upon consideration of all relevant filings, issued an order (ECF No. 92) that granted Rega's motion to withdraw the *pro se* motion for self-representation. The court also determined that all the claims raised in the petition were properly before it and issued its final judgment granting Rega habeas relief on one of his sentencing-phase claims. (ECF Nos. 91, 93).

There is no basis for the court to reconsider its decision to grant Rega's February 1, 2018 motion to withdraw or its determination that the sentencing-phase claims raised in the petition were properly before it for disposition. Rega made the deliberate choice to withdraw his *pro se* motion for self-representation. His February 22, 2018, letter and affidavit evidence that he may now regret that decision or that he is dismayed with court's decision to deny his guilt-phase claims. Those are not grounds to alter or amend the court's judgment under

Rule 59(e), or to provide relief from its judgment under Rule 60(b). If, as Rega wrote in his February 22, 2018 letter to the Commonwealth's counsel, he has "no intent on being sentenced to life or participating in a re-sentencing hearing[,]" (ECF No. 96-1 at 1), that is a matter that can and should be addressed in a subsequent state-court proceeding, in the event that Rega still feels that way when the case returns to state court.

The Commonwealth contends that, if the court does not reconsider its decision that Rega's sentencing-phase claims were properly before it for disposition, it should reconsider the merits of the claim upon which it granted relief. It argues that Rega's February 22, 2018 letter and affidavit confirms the position it took in defense of Rega's sentencing-phase claims, which was that Rega did not authorize his counsel to do any work on the penalty phase of his trial. The court already considered and rejected the Commonwealth's position in its February 15, 2018 opinion, pointing out, *inter alia*, that Rega permitted his counsel to introduce mitigating evidence at his June 2002 penalty hearing and argue that the jurors should not find the § 9711(d)(9) aggravator, and that even the Supreme Court of Pennsylvania had determined that "[i]t cannot reasonably be disputed…that counsel should have reviewed files from the criminal convictions which the Commonwealth offered in support of the aggravating circumstance involving a significant history of prior crimes entailing the use or threat of violence." Rega II, 70 A.3d at 791 n.11 (citation omitted). A motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it, rightly or wrongly, has already made. Blystone, 664 F.3d at 415 ("Such motions are not to be used as an opportunity to relitigate the case[.]"); Williams v. City of Pittsburgh, 32 F.Supp.2d 236, 238 (W.D. Pa. 1998) (in the interest of finality at the district court level, "motions for reconsideration should be granted sparingly; the parties are not free to retry issues the court already decided.")

Finally, Rega filed a *pro se* motion to alter or amend the court's judgment under Rule 59(e). The court does not permit hybrid representation and for that reason the court will direct the Clerk of Court to strike the motion. Rega did not request in the motion that the court appoint him replacement counsel. However, he did renew the allegations against his counsel that he made in his December 13, 2017 *pro se* motion for self-representation. He withdrew those allegations once before, they are refuted by the record, and the court will not entertain them again.

An appropriate order follows.

/s/ Joy Flowers Conti
Joy Flowers Conti
Dated: May 1, 2018                    Chief United States District Court Judge


cc:   Notice to the Petitioner via first-class mail
      and to counsel of record via CM/ECF